| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>ROMANO GARUBO & ARGENTIERI<br>Emmanuel J. Argentieri, Esquire/EJA/3162<br>52 Newton Avenue, P.O. Box 456<br>Woodbury, New Jersey 08096<br>(856) 384-1515<br>Attorney for Secured Creditor,<br>U.S. Bank National Association as Legal Title<br>Trustee for Truman 2016 SC6 Title Trust | **Order Filed on November 13, 2019**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| ANDRAS NAGY-MELYKUTI<br>xxx-xx-0185<br>MELINDA NAGY-MELYKUTI<br>xxx-xx-0822<br><br>                      Debtors. | Case No.:       17-17210<br>Chapter:        13<br>Judge:          CMG<br><br>Hearing Date:  November 6, 2019 @ 9:00 a.m. |

**ORDER RESOLVING U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR THE TRUMAN 2016 SC6 TITLE TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SUBMITTED UNDER THE 7-DAY RULE**

The relief set forth on the following pages numbered two (2) through three (3) are hereby **ORDERED**.

**DATED: November 13, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**(Page 2)**
Debtor:   Andras and Melinda Nagy-Malykuti
Case No:  17-17210/CMG
Caption of Order: ORDER RESOLVING MOTION FOR RELIEF

---

Upon consideration of ("Movant") U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust's motion for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain real property as hereinafter set forth; and the Debtor having filed opposition thereto; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. Debtors recently brought their post-petition mortgage account current through October 1, 2019.

2. Commencing with the November 1, 2019 post-petition mortgage installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

3. Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization as an administrative claim the sum of $431.00 for attorney's fees and costs incurred by Movant in the prosecution of its motion for relief.

4. **Forty-Five Day Default Clause:**   If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant for more than (45) days from the due date, Movant may send Debtors a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may then file a certification of non-receipt of said

**(Page 3)**
Debtor:   Andras and Melinda Nagy-Malykuti
Case No:  17-17210/CMG
Caption of Order: ORDER RESOLVING MOTION FOR RELIEF

payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 45 Aberdeen Road, Matawan, New Jersey 07747.  The order submitted to the Court will not require the consent of the Debtors or the Debtors' counsel regarding form or substance, however, the trustee, Debtors and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

     5.    Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the court.